IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

    **Plaintiff,**

Vs.                                              Docket No.:_____
                                                      Judge:_____

**ESTATE OF JOHN HUTTON, NAOMI**
**ENDICOTT, individually and on behalf of**
**J. E., a minor, A. H.,**
**a minor, BREONY MOYERS, TIMOTHY WARDLOW,**
**CAROLYN PARK, PAUL PARK, individually and**
**on behalf of M.P., a minor,**
**PATRICK PARK and JAMES MUNSEY,**

    **Defendants.**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

      Comes now Plaintiff State Farm Mutual Automobile Insurance Company, by and through counsel of record, pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment states as follows:

### I. PARTIES

      1)     Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois entity with its principal place of business located in Illinois.

      2)     John Hutton was a resident and citizen of Oak Ridge, Tennessee and is upon information and belief deceased. An estate has been opened and Catherine Hutton appointed as the executrix of said estate. Service may be accomplished by serving process on her at 116 Barrington Drive, Oak Ridge, Tennessee 37830

      3)     Naomi Endicott is a resident and citizen of Oak Ridge, Tennessee and may be served with process at her residence located at 197 Hillside Road, Oak Ridge, Tennessee 37830.

4) J. E. is a minor and may be served with process through her mother, Naomi Endicott who is believed to be her natural guardian, at 197 Hillside Road, Oak Ridge, Tennessee 37830.

5) Breony Moyers is a resident and citizen of Oak Ridge, Tennessee and may be served with process at her residence located at 117 Clifton Circle, Oak Ridge, Tennessee 37830.

6) Timothy Wardlow is a resident and citizen of Germantown, Tennessee and may be served with process at his residence located at 8086 Cambury CVW, Germantown, Tennessee 38138.

7) Paul Park is a resident and citizen of Ozone, Tennessee and may be served with process at his residence located at 587 Fall Creek Road, Ozone, Tennessee 37842.

8) Carolyn Park is a resident and citizen of Ozone, Tennessee and may be served with process at his residence located at 587 Fall Creek Road, Ozone, Tennessee 37842.

9) Patrick Park is a resident and citizen of Ozone, Tennessee and may be served with process at his residence located at 587 Fall Creek Road, Ozone, Tennessee 37842.

10) M. P. is a minor and may be served with process through her legal guardian, Carolyn Park, at 587 Fall Creek Road, Ozone, Tennessee 37842.

11) James Munsey is a resident and citizen of Harriman, Tennessee and may be served with process at his residence located at 214 Bowman Bend Road, Harriman, Tennessee 37748.

## II. JURISDICTION & VENUE

12) State Farm brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13) This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

14) This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claims at issue in the underlying litigation occurred and in which most Defendants reside.

### III. UNDERLYING LITIGATION

15) On April 6, 2018, an automobile accident occurred near the intersection of Poplar Springs Road and State Highway 58 in Roane County, Tennessee.

16) At the time of the accident, Naomi Endicott was operating a 2004 Subaru Forester owned by John Hutton without his permission, consent or knowledge.

17) At the time of the accident, J.E. and A.H., both minors, were passengers in the vehicle owned by John Hutton.

18) At that same time, Paul Park was operating a 2014 Dodge Caravan owned by Carolyn Park in which Carolyn Park, Patrick Park and M.P, a minor, were all passengers.

19) At that same time, James Munsey was operating his 2005 Toyota Highlander.

20) At that same time, Breony Moyers was operating a 2011 Acura MDX, owned by Timothy Wardlow who was also a passenger in said vehicle.

21) Following the accident, in which all of these individuals were involved in some manner, various claims have been made against Naomi Endicott and John Hutton.

22) To date, at least three lawsuits have been filed against Naomi Endicott and John Hutton in the Circuit Court of the Seventh Judicial District for the State of Tennessee, bearing docket numbers B8LA0062, B8LA0179 and B9LA0034 a copy of which are attached hereto as **Exhibit 1**.

23) These claims and lawsuits allege that Naomi Endicott and John Hutton are liable for various damages arising out of the April 6, 2018 auto accident.

24) The lawsuit filed by James Munsey seeks compensatory damages of $500,000.00.

## IV. POLICY OF INSURANCE

25) State Farm Mutual Automobile Insurance Company issued a policy of insurance to John Hutton, bearing policy number 1057-407-42C that was in effect at all times relevant to the issues in this litigation ("the Policy"). (Copy of Insurance Policy attached hereto as **Exhibit 2**).

26) Said Policy of insurance covered the 2004 Subaru Forester operated by Naomi Endicott.

27) Said Policy of insurance states in part:

**DEFINITIONS**
**We** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.
**Bodily Injury** means bodily injury to a **person** and sickness, disease, or death that results from it.
…
**Non-Owned Car** means a **car** that is in the lawful possession of **you** or any **resident relative** and that neither:
1. is **owned by**:
   a. **you**;
   b. any **resident relative**;
   c. any other **person** who resides primarily in **your** household; or
   d. an employer of any **person** described in a., b., or c. above; …
   …
**Owned by** means:
   1. owned by;
   2. registered to; or
   3. leased, of the lease is written for a period of 31 or more consecutive days, to.
   …
**Person** means a human being.
…

**Resident Relative** means a person, other than **you**, who resides primarily with the first **person** shown as a named insured on the Declarations Page and who is:
1. related to that named insured or his or her spouse by blood, marriage, or adoption. An unmarried and unemancipated child of that named insured or his or her spouse is considered to reside primarily with that named insured while that child is away at school; or
2. a ward or a foster child of that named insured, his or her spouse, or a **person** described in 1. above.

…

**You** and **Your** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a **person**, then "**you**" or "**your**" includes the spouse of the first **person** shown as a named insured if the spouse resides primarily with that named insured.

**Your Car** means the vehicle shown under YOUR CAR on the Declarations Page. **Your Car** does not include a vehicle that **you** no longer own or lease….

…

### LIABILITY COVERAGE
This policy provides Liability Coverage if "A" is shown under "Symbols" on the Declarations Page.

**Additional Definition**
**Insured** means:
1. **you** and **resident relatives** for:
   a. the ownership, maintenance, or use of:
      (1) **your car**;
      (2) a **newly acquired car**; or
      (3) a **trailer**; and
   b. the maintenance or use of:
      (1) a **non-owned car**; or
      (2) a **temporary substitute car**;
2. the first person shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a **car** that is **owned by**, or furnished by an employer to, a **person** who resides primarily in **your** household, but only if such **car** is neither **owned by**, nor furnished by an employer to, the first **person** shown as a named insured on the Declarations Page or that **person's** spouse;
3. any other **person** for his or her use of:
   a. **your car**;
   b. a **newly acquired car**;
   c. a **temporary substitute car**; or
   d. a **trailer** while attached to a **car** described in a. b., or c. above.
   Such vehicle must be used within the scope of **your** consent; and
4. any other **person** or organization vicariously liable for the use of a vehicle by an **insured** as defined in items 1., 2., or 3. above. This provision applies only if the vehicle is neither **owned by**, nor hired by, that other **person** or organization.

**Insuring Agreement**

1. **We** will pay:
    a. damages an **insured** becomes legally liable to pay because of:
        (1) **bodily injury** to others; and
        (2) damage to property
        caused by an accident that involves a vehicle for which that **insured** is provided Liability Coverage by this policy.

    b. attorney fees for attorneys chosen by **us** to defend an **insured** who is sued for such damages; and

    c. court costs charged to an **insured** and resulting from that part of a lawsuit:
        (1) that seeks damages payable under this policy's Liability Coverage; and
        (2) against which **we** defend an **insured** with attorneys chosen by **us**.
    **We** have no duty to pay attorney fees and court costs incurred after **we** deposit in court or pay the amount due under this policy's Liability Coverage.
    …

**Exclusions**
THERE IS NO COVERAGE FOR AN **INSURED**:
…
2. FOR **BODILY INJURY** TO:
    a. **YOU**;
    b. **RESIDENT RELATIVES**; AND
    c. ANY OTHER **PERSON** WHO BOTH RESIDES PRIMARILY WITH AN **INSURED** AND WHO:
        (1) IS RELATED TO THAT **INSURED** BY BLOOD, MARRIAGE, OR ADOPTION; OR
        (2) IS A WARD OR FOSTER CHILD OF THAT **INSURED**;
    …

**INSURED'S DUTIES**
…
3. **Insured's Duty to Cooperate With Us**
    a. The **insured** must cooperate with **us** and, when asked, assist **us** in:
        (1) making settlements;
        (2) securing and giving evidence; and
        (3) attending and getting witnesses to attend, depositions, hearings, and trials.
    b. The **insured** must not, except at his or her **own** cost, voluntarily:
        (1) make any payment to others; or
        (2) assume any obligation to others
        unless authorized by the terms of this policy.
    c. Any **person** or organization making claim under this policy must, when **we** require, give **us** proof of loss on forms **we** furnish.

## V. DECLARATORY JUDGMENT

28) State Farm incorporates by reference the allegations contained in Paragraphs 1 through 28 above as if specifically set forth verbatim herein.

29) State Farm contends and asserts that it has no duty under the Policy to provide coverage, either in the form of defense or indemnity, to Defendant Naomi Endicott on the basis that she is not a named insured and does not otherwise qualify as an insured under the Policy's definitions.

30) State Farm contends and asserts that Naomi Endicott was not a resident relative of State Farm's named insured, John Hutton.

31) State Farm contends and asserts that Naomi Endicott has breached the terms of the policy of insurance by failing to cooperate in the defense provided to her under reservation of rights in the lawsuit filed by James Munsey attached hereto as Exhibit 1.

32) State Farm contends and asserts that Naomi Endicott was operating the 2004 Subaru Forester, owned by John Hutton, without the express or implied permission of John Hutton and outside of the scope of any permission granted by John Hutton for others to operate said vehicle.

33) State Farm contends and asserts, in the alternative, that no coverage is available under the Policy for any damages suffered by J. E., a minor, pursuant to Exclusion 2 cited above.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, State Farm prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of State Farm and the Defendants by reason of the aforesaid Policy;

3. For a declaration that State Farm is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant Naomi Endicott in the Underlying Litigation;

4. For a declaration that State Farm is not obligated to indemnify Defendant Naomi Endicott under the Policy for the claims and demands made in the Underlying Litigation or otherwise arising out of the accident at issue;

5. For a declaration that State Farm is not obligated to provide coverage under the Policy, either through defense or indemnity, to Defendant Naomi Endicott for any liability arising out of the automobile accident at issue in the Underlying Litigation, including any claims or damages allegedly resulting from said accident as alleged in the Underlying Litigation, or as otherwise arising out of the accident at issue;

6. For a declaration that State Farm owes no coverage under the Policy to Jessika Endicott pursuant to Exclusion 2. of the Liability Coverage of the Policy;

7. For the costs of this cause; and

8. For such other relief to which State Farm may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: /s/ Jonathan D. Stewart
    BRADFORD D. BOX (BPR No. 16596)
    JONATHAN D. STEWART (BPR No. 23039)
    *Attorneys for Plaintiff*
    209 East Main Street
    P.O. Box 1147
    Jackson, Tennessee 38302-1147
    (731) 423-2414–telephone
    (731) 426-8150–facsimile
    bbox@raineykizer.com
    jstewart@raineykizer.com