UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | 3:19-CV-00220-DCLC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ESTATE OF JOHN HUTTON, et al., | ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff State Farm Mutual Automobile Insurance Company's motion for summary judgment ("Plaintiff") [Doc. 57]. Defendants M.P. and J.E. (collectively "Defendants"), have filed separate responses to the motion [Docs. 61, 63]. The matter is now ripe for resolution. For the reasons stated below, the motion [Doc. 57] is **GRANTED**.

**I. BACKGROUND**

Defendants were involved in a multi-vehicle accident on April 6, 2018[1] which led to three state lawsuits against one of the drivers, Defendant Naomi Endicott ("Endicott") [Doc. 1, ¶¶ 15, 21; Doc. 1-2]. At the time of the accident, Endicott was operating a 2004 Subaru Forester owned by her now deceased father, John Hutton ("Hutton") [Doc. 1, ¶¶ 2, 16, 17]. Plaintiff had issued an

---

[1] Defendants J.E. and A.H., both minors, were passengers in the 2004 Subaru Forester owned by John Hutton and driven by Naomi Endicott [Doc. 1 ¶ 17]. Defendants Paul Park, Carolyn Park, Patrick Park and minor M.P. were driver and passengers respectively in their 2014 Dodge Caravan which was involved in the accident [Doc. 1, ¶ 18]. Defendant James Munsey was operating his 2005 Toyota Highlander and was involved in the accident [Doc. 1, ¶ 19]. Defendants Breony Moyers and Timothy Wardlow were operating a 2011 Acura MDX owned by Wardlow and were involved in the accident [Doc. 20].

automobile insurance policy to John Hutton covering the 2004 Subaru Forester [Doc. 1, ¶¶ 25, 26; *see* Doc. 1-3 ("the Policy")]. The Policy was in effect at the time of the accident [Doc. 1, ¶ 25].

Plaintiff filed this action seeking declaratory judgment that it is not obligated to defend, indemnify, or provide coverage for any liability arising out of the automobile accident, including any "claims or damages allegedly resulting from said accident as alleged in the Underlying Litigation." [Doc. 1, pgs. 7-8, ¶¶ 2-6]. In its Complaint, Plaintiff contends that "it has no duty under the Policy to provide coverage, either in the form of defense or indemnity, to Defendant Naomi Endicott on the basis that she is not a named insured and does not otherwise qualify as an insured under the Policy's definitions." [Doc. 1, ¶ 29]. In its motion for summary judgment, Plaintiff argues that it is entitled to judgment as a matter of law because there is no genuine dispute of material fact that Endicott is not covered as an "insured" under the terms of its Policy [Doc. 58, pgs. 6-7].

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out

the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy*, *Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

The facts in this case are not in dispute. On April 6, 2018, Endicott was the driver of a vehicle owned by her father, John Hutton, and insured by Plaintiff [Doc. 61, ¶¶ 1, 3]. On that date, she was involved in an automobile accident [Doc. 60, ¶ 1]. At the time of the accident, she did not have her father's consent to drive the car [Doc. 61, ¶ 2]. In fact, her father had specifically prohibited her from driving his car [*Id.*].

Plaintiff moves for summary judgment stating Endicott is not an "insured" under the Policy. The Policy defines "insured" as (1) the "named insured" on the Policy or a "resident relative" of the named insured; (2) an individual driving a vehicle supplied by an employer to a resident relative; (3) any person using the named insured car "within the scope of [the named insured's] consent[;]" and (4) any person or organization vicariously liable for the use of a vehicle

3

by an insured [Doc. 59-2, pg. 17]. Defendants agree that Endicott is not an "insured" according to the first, second, or fourth definitions, but maintain that she is an "insured" under the third definition, namely that Endicott's use of the vehicle fell within the scope of Mr. Hutton's consent [Doc. 61, pgs. 3-6; Doc. 63, pgs. 1-2]. Defendants base this argument on the presumption of consent created by Tenn. Code Ann. § 55-10-311, which assumes an owner-driver agency relationship. *See* Tenn. Code Ann. § 55-10-311(a).

> Tenn. Code Ann. § 55-10-311 provides, in relevant part:
>
> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile . . ., proof of ownership of the vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose[.]

Tenn. Code Ann. § 55-10-311(a). The purpose of this statute is "to create . . . new rules of evidence ... under which mere proof of ownership of an automobile effecting an injury, being negligently operated, should establish a *prima-facie* case of liability ... against the owner." *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 386 (Tenn. 1986). It creates a rebuttable presumption that a vehicle owner has given consent to anyone who drives that vehicle. *Atkins v. Foster*, No. 3:12-cv-77-PLR-HBG, 2015 WL 2452400, at *5 (E.D. Tenn. May 21, 2015) (Under the statute, proof of vehicle ownership is "*prima facie* evidence that the vehicle was then and there being operated by the . . . owner's servant for the owner's use and benefit"). A party can overcome this presumption by providing countervailing evidence that the driver did not have consent. *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 387 (Tenn. 1986). Defendants agree that "competent proof to the contrary" can successfully rebut the presumption [Doc. 61, pg. 4; Doc. 63, pg. 2], but posit that such "proof must be something more than uncorroborated testimony by an interested witness or party claiming no consent was ever given." [Doc. 61, pg. 4].

4

While the Tennessee Supreme Court has expressed reluctance to override the statutory presumption of consent when the only countervailing evidence comes from an interested party, *see Godfrey v. Ruiz*, 90 S.W. 3d 692, 696 (Tenn. 2002), there is no "bright-line rule on what type of countervailing evidence is sufficient to prevail on a motion for summary judgment." *Gray v. Baird*, No. M201901056COAR3CV, 2020 WL 2529863, at *4 (Tenn. Ct. App. May 19, 2020) (reviewing cases where the Tennessee Supreme Court has both granted and denied summary judgment when testimony of an interested party is the sole countervailing evidence to rebut the statutory presumption of consent). Yet even absent a "bright-line rule," Plaintiff must present "evidence to the contrary that is uncontradicted and comes from a witness whose credibility is not an issue." *Russell v. City of Memphis*, 106 S.W.3d 655, 657 (Tenn. Ct. App. 2002). Summary judgment on a claim falling under Tenn. Code Ann. § 55-10-311 is appropriate only if the countervailing evidence is "so strong that reasonable minds could not differ." *Gray,* 2020 WL 2529863, at *3 (quoting *Hamrick*, 708 S.W.2d at 387).

Plaintiff argues that it has effectively rebutted this statutory presumption of consent with the testimony of an uninterested party –Endicott's boyfriend, Jeremy Harless ("Harless")--who was living with Endicott at the time of the accident [Doc. 59-1, 10:10-14]. Harless testified that "Mr. Hutton allowed [Harless] . . . to use the vehicle to get back and forth to work for a period of time" but did not allow Endicott to use his car [Doc. 58, pg. 7]. Defendants do not dispute this testimony [Doc. 60, ¶ 2; Doc. 62, ¶ 2]. Harless is a credible witness because has no stake in the outcome of this case, nor is he a party in the state court personal injury lawsuits. *Cf. Godfrey v. Ruiz*, 90 S.W.3d 692, 696 (Tenn. 2002) ("their status as interested witnesses places their credibility in question."). As a credible witness whose testimony is uncontroverted, Harless provides countervailing evidence strong enough to rebut the statutory owner-driver agency presumption in

Tenn. Code Ann. § 55-10-311. *See Redd v. Air-Conditioning Serv., Inc.*, No. 88-149-II, 1988 WL 97227, at *3 (Tenn. Ct. App. Sept. 23, 1988) ("The employer-owner has presented proof upon which reasonable minds could not differ and has [therefore] overcome the 'prima facie' case established by Tenn. Code. Ann. § 55-10-311.").

"[C]ourts may grant summary judgment . . . on behalf of a vehicle's owner in a negligence case if the owner has provided evidence other than his own testimony that the driver was not acting as the owner's agent when the accident occurred." *Godfrey v. Ruiz*, 90 S.W.3d 692, 696 (Tenn. 2002). Plaintiff has offered credible evidence that Endicott was operating the vehicle without her father's consent. Without that consent, Endicott was not an "insured" by the terms of the Policy and does not qualify for coverage under the Policy. Plaintiff is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion [Doc. 57] for summary judgment is **GRANTED.** Plaintiff is not obligated under the terms of its Policy to defend, indemnify, or provide coverage to Naomi Endicott for any liability arising out of the automobile accident that occurred on April 6, 2018, including any claims or damages allegedly resulting from, or otherwise arising out of, said accident. Accordingly, the Order of Referral [Doc 64] issued on November 25, 2020 is **VACATED** and the previously referred Motions for Default Judgment [Docs. 45, 46, 47, 48, 49, 50, 51 and 52] are **GRANTED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge